Filed 4/12/21  P. v. Tittle CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077928 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD176296) |
| DARRELL JAMES TITTLE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

Bruce L. Kotler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In October 2004, a jury convicted defendant Darrell James Tittle of voluntary manslaughter (Pen. Code,[1] § 192) among other offenses.  In January 2019, defendant filed a petition for resentencing pursuant to section

---

[1]     All further statutory references are to the Penal Code.

1170.95. On August 3, 2020, the court denied the petition, finding defendant was statutorily ineligible because he had not been convicted of murder. Defendant appealed. Unable to identify any arguable issues, appellate counsel has sought independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Affirmed.

FACTUAL BACKGROUND

This summary is taken from defendant's direct appeal in *People v. Tittle* (May 5, 2006, D045845) [nonpub. opn.] (*Tittle I*). Defendant has requested we take judicial notice of that opinion and we grant his request.

Defendant and codefendant Na'il Downey,[2] then members and associates of a Lincoln Park street gang, were stepbrothers by marriage. On June 15, 2003, they traveled to Mission Bay Park in San Diego to meet up with other gang members and attend a festival. When they arrived, they saw people there who were associated with a rival gang, the Skyline Pirus. Defendant and Downey walked quickly toward the rival gang members where they exchanged hostile and derogatory words. One Skyline member punched defendant in the face after a soda can was thrown at that member. The gangs then exchanged blows. (*Tittle*, *supra*, at *5.)

Within seconds of the fight breaking out, Downey pulled out a .38 caliber revolver from his waistband and fired between four and six shots at the Skyline group. Everyone fled after the shots were fired and police immediately arrived. Skyline member Travis Thomas was hit in the upper chest by one bullet and died within the hour. A second bullet passed through the calf of another Skyline member, causing great bodily injury. A third bullet hit the foot of yet another Skyline member. (*Tittle*, *supra*, at *6–7.)

---

2      Downey is not a party to this appeal.

2

Following a lengthy investigation which saw multiple events of intimidation, defendant and Downey were arrested.

PROCEDURAL BACKGROUND

On July 29, 2004, defendant, Downey and a third individual were charged by amended information in count 1 with the murder of Thomas (§ 187, subd. (a)); and with special allegations (§§ 12022.53, subds. (d) and (e)(1) [use of a firearm] & 186.22, subd. (b)(1) [committed for the benefit of a street gang].)  In counts 2 and 3 they were charged with attempted murder (§§ 664 & 187, subd. (a)); and also with special allegations (§§ 12022.53, subds. (c), (d) and/or (e)(1) [use of a firearm] & 186.22, subd. (b)(1) [committed for the benefit of a street gang].)  The amended information further alleged defendant had suffered a prison prior (§ 667.5, subd. (b)); one serious felony prior (§ 667, subd. (a)(1)); and one strike prior (*id.*, subds. (b)-(i).)

On October 1, 2004, a jury found defendant in count 1 not guilty of murder but guilty of the lesser included offense of voluntary manslaughter (§ 192), and found true defendant committed count 1 for the benefit of a street gang (§ 186.22, subd. (b)(1)).  The jury also found defendant not guilty of attempted murder in counts 2 and 3, but as to each count found he was guilty of the lesser offense of attempted voluntary manslaughter.  Defendant waived jury on the alleged priors and the court made true findings as to the prison prior, serious felony prior, and strike prior.  (*Tittle I*, *supra*, at *2–3.)

On November 11, 2005, the court sentenced defendant to a total term of 28 years in prison.  (*Tittle I*, *supra*, at *3.)  This court in *Tittle I* reversed defendant's convictions on counts 2 and 3 for attempted voluntary manslaughter based on instructional error.  (*Id.* at *68.)

As noted, on January 9, 2019, defendant filed a pro. per. petition and supporting documentation under 1170.95 concerning his remaining

3

conviction, and requested the conviction be reduced and dismissed. He also requested counsel be appointed for him. A motion in opposition was filed by the People. The court summarily denied the petition, finding defendant had not made a prima facie showing he fell within section 1170.95 because he was not convicted of murder.

As also noted, appellate counsel has filed a brief under *Wende* and *Anders*, stating he has read and thoroughly reviewed the record, and has consulted with Appellate Defenders, Inc. Counsel states he has found no specific grounds for reversal or modification of the case, and asks we independently review the record to determine if we can identify any such grounds. Under *Anders*, counsel requests we consider whether the trial court erred in failing to grant relief under section 1170.95, where defendant was convicted of voluntary manslaughter and the jury was instructed on the natural and probable consequences theory.

Defendant has filed a supplemental brief in his own behalf, raising essentially the same question counsel points out with respect to section 1170.95.

We have reviewed the entire record and focused attention of the question of applicability of section 1170.95.

## DISCUSSION

" 'If the language [of a statute] is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.' " (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.) "[S]ection 1170.95 authorizes only a person who was 'convicted of felony *murder* or *murder* under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's *murder* conviction vacated . . . .' (*Id.*, subd.

4

(a), italics added.) If the petitioner makes a prima facie showing that he or she is entitled to relief, the sentencing court must 'hold a hearing to determine whether to vacate the *murder* conviction and to recall the sentence and resentence the petitioner on any remaining counts . . . .' (*Id.*, subd. (d)(1), italics added.) In lieu of a resentencing hearing, the parties may stipulate that 'the petitioner is eligible to have his or her *murder* conviction vacated' and to be resentenced. (*Id.*, subd. (d)(2), italics added.)" (*Flores*, at p. 993.) "Through its repeated and exclusive references to murder, the plain language of section 1170.95 limits relief only to qualifying persons who were convicted of murder." (*Flores*, at p. 993; see *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 (*Cervantes*) [noting the "plain language of [section 1170.95] is explicit; its scope is limited to murder convictions"].)

"Section 1170.95 does not mention, and thus does not provide relief to, persons convicted of manslaughter, which, 'while a lesser included offense of murder, is clearly a separate offense . . . .' [Citation.] Had the Legislature intended to make section 1170.95 available to defendants convicted of manslaughter, it easily could have done so." (*Flores, supra*, 44 Cal.App.5th at p. 993; see *Cervantes, supra*, 44 Cal.App.5th at p. 887 [concluding there "is no reference [in section 1170.95] to the crime of voluntary manslaughter"].)

Because the plain language of section 1170.95 is clear, and does not lead to an absurd result, we will follow its plain meaning and conclude that convictions for voluntary manslaughter are ineligible for relief under section 1170.95. In so doing, we are in accord with the uniform line of decisions by other Courts of Appeal that hold section 1170.95 applies to defendants convicted of murder, not to defendants who plead to and are convicted of a lesser offense. (*People v. Sanchez* (2020) 48 Cal.App.5th 914, 916 [charged with first degree murder with a gang enhancement, pled guilty to voluntary

manslaughter and admitted enhancement]; *People v. Turner* (2020) 45 Cal.App.5th 428, 431–432 [charged with first degree murder and firearm and gang enhancements, pled guilty to voluntary manslaughter and admitted firearm enhancement]; *Flores, supra*, 44 Cal.App.5th at pp. 989–990 [charged with murder with robbery and gang enhancements, pled guilty to voluntary manslaughter and admitted enhancements]; *Cervantes, supra*, 44 Cal.App.5th at p. 887 [charged with murder, pled no contest to voluntary manslaughter].) We therefore conclude the court properly denied defendant's section 1170.95 petition.

Following our independent review, we conclude there are no other issues which would modify or reduce the sentence or otherwise reverse this case.

Defendant has been represented by competent counsel on this appeal.

## DISPOSITION

The order denying defendant relief under section 1170.95 is affirmed.


BENKE, Acting P. J.

WE CONCUR:


HUFFMAN, J.


HALLER, J.

6